JUDGE FRANK MONTALVC

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
        DEPUTY

|  |  |  |
|---|---|---|
| **CRYSTAL MALDONADO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DICELLO LEVITT GUTZLER, LLC** an Ohio | § | **EP22CV0343** |
| Limited Liability Company and **LINVILLE LAW** | § | |
| **GROUP, LLC** a Georgia Limited Liability | § | |
| Company, **INTAKE DIRECT LLC,** a Georgia | § | |
| Limited Liability Company and **GUARDIAN** | § | |
| **LEGAL GROUP LLC** a/k/a **GUARDIAN** | § | |
| **LEGAL NETWORK** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1.      The Plaintiff is CRYSTAL MALDONADO ("Plaintiff") a natural person, resident of the

Western District of Texas, and was present in Texas for all automated text messages, in this case

in El Paso County, Texas.

2.      Defendant INTAKE DIRECT LLC ("Intake") is a limited liability company organized

and existing under the laws of Georgia with a principal address of 317 Eisenhower Drive,

Savannah, Georgia 31406, and can be served via registered agent Benjamin Perkins, 218 W State

Street, Savannah, Georgia 31401.

3.      Defendant GUARDIAN LEGAL GROUP LLC a/k/a GUARDIAN LEGAL NETWORK

("Guardian") is a limited liability company organized and existing under the laws of Georgia

with a principal address of 317 Eisenhower Drive, Savannah, Georgia 31406 and can be served

via registered agent Benjamin Perkins, 218 W. State Street, Savannah, Georgia 31401.

4.      Defendant DICELLO LEVITT GUTZLER, LLC ("DICELLO") is a limited liability

company organized and existing under the laws of Ohio and can be served via registered agent

Joseph Silvaggio at 6450 Rockside Woods Blvd. South #230, Independence, Ohio 44131.

5.      Defendant LINVILLE LAW GROUP, LLC ("Linville") is a limited liability company

organized and existing under the laws of Georgia and can be served via registered agent Hunter

Linville at 5560 Lake Island Dr. Atlanta, Georgia 30327.

## JURISDICTION AND VENUE

6.      Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's

TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow*

*Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter

jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053

because that claim arises from the same nucleus of operative fact, i.e., Defendants' telemarketing

robocalls to Plaintiff; adds little complexity to the case.

7.      Personal Jurisdiction. This Court has specific personal jurisdiction over the defendant

because they have repeatedly placed calls and automated text messages to Texas residents, derive

revenue from Texas businesses, provide legal services to Texas residents, and solicited Plaintiff

their legal services in this District.

8.      Venue. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a

substantial part of the events giving rise to the claims—the calls and sale of goods and services

directed at Texas residents, including the Plaintiff—occurred in this District and because the

Plaintiff resides in this District. Residing in the Western District of Texas when he received a

2

substantial if not every single automated text message from Defendants that are the subject matter of this lawsuit.

9.      This Court has venue over the defendants because the automated text messages at issue were sent by or on behalf of the above-named Defendants to the Plaintiff, a Texas resident.

## THE TELEPHONE CONSUMER PROTECTION ACT

## OF 1991, 47 U.S.C. § 227

10.     In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

12.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

13.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

14.     Separately, the TCPA bans telemarketing calls without a do-not-call policy available

3

upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

15.　　The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

16.　　According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

17.　　The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

18.　　The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

19.　　*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

20.     The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

21.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

22.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## OVERVIEW OF THE TEXT MESSAGING MARKETING INDUSTRY

23.     In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

24.     One of the newest types of such marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text

messages, usually limited to 120-500 characters.

25.     An "SMS message" is a text directed to a wireless device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

26.     The open rate for SMS messages exceeds 99%, and 90% of those messages are read within three minutes. Conversely, the open rate for an email in the finance industry is 21.56%.

27.     Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message or call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

28.     Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six-digit extensions, that can be used to address SMS messages to mobile phones. Short codes are generally easier to remember and are utilized by consumers to subscribe to such services as television program voting or more benevolent uses, such as making charitable donations.

29.     A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

30.     Text messages are "calls" within the context of the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F .3d 949 (9th Cir. 2009).

## FACTUAL ALLEGATIONS

31.     At all times Plaintiff's number was successfully registered on the Do-Not Call Registry.

6

32.      Plaintiff received at least thirty-one (31) unauthorized automated text messages ("the text messages") to her personal cell phone ending in 6342 in from August 17, 2022, to September 20, 2022, from Defendants soliciting their goods and services. *See "Exhibit A."*

33.      Defendant Intake is a company that operates as a website and call center with a specific mission of helping consumers find an attorney. Intake's website states "Intake Direct helps to connect plaintiffs with qualified attorneys nationwide. If you know someone, or if you yourself have been injured by a dangerous drug, defective medical device, or defective product, we can help you find a legal team that is ready to help."

34.      Defendant Intake and Defendant Guardian share the same physical principal location and through information and belief share common ownership.

35.      Through information and belief Defendant Intake and Defendant Guardian has partnered with and/or authorized Defendant Guardian to solicit potential clients on its behalf.

36.      Defendant Guardian is an advertising group that represents lawyers jointly advertising their services. Defendant Guardian's website states "We leverage the power of television, digital media, and other forms of advertising to inform the public of potentially dangerous prescription drugs, defective medical devices, and product liability...Victims can take a proactive approach by learning more about their case and contacting a knowledgeable attorney with our assistance."

37.      Defendants Dicello and Linville are law firms that hired and contracted with Defendant Guardian and Defendant Intake to solicit clients on their behalf. Defendants Dicello and Linville knew, or should have known, that Defendant Guardian and Defendant Intake would be making solicitation using automated text messages on their behalf. Defendant Dicello and Defendant Linville have contracted with Defendant Guardian and Defendant Intake as an end around the solicitation prohibition for attorneys.

38.     Defendants Dicello and Linville market and solicit potential clients via automated text messages in violation of the National Bar Association prohibition on soliciting persons with whom no prior relationship existed.

39.     None of the Defendants have any prior existing business relationship with Plaintiff. Plaintiff has never been a customer or client of any of the Defendants.

40.     Plaintiff did not give any of the Defendants her prior express written consent to receive the text messages.

41.     The text messages Plaintiff received from Defendants were generated and sent using an ATDS.

42.     Defendants Dicello and Linville are well aware of the National Bar Association, Texas State Bar Association, Ohio State Bar Association, and Georgia State Bar Association's prohibition of soliciting business from consumers with whom they had no preexisting relationship.

43.     Defendants Dicello and Linville are repeatedly violating the National, Texas, Ohio and Georgia Bar's code of conduct for attorneys by soliciting clients with whom they had no prior relationship.

44.     Defendants Dicello and Linville knowingly and willfully authorized the sending of text messages using an ATDS to millions of consumers' personal cell phones *en masse* soliciting their services to carriers.

45.     The text messages Plaintiff received from Defendants do not reveal their true identities.

46.     In order to determine their true identity Plaintiff called the phone numbers that were embedded in the automated text messages. A representative from Defendant Guardian answered each and every one of the phone calls.

8

47.     On September 8, 2022, Plaintiff called 855-598-0250, one of the phone numbers listed in the automated text messages, and was connected to a recording advertising Camp Lejeune stating "If you or a loved one lived, worked, or spent more than 30 days in the Camp Lejeune toxic water and have been diagnosed with cancer or other life-altering medical issues, you could be entitled to compensation. To speak to one of our care representatives press one now."

48.     Plaintiff pressed "one" and was connected to a female representative who identified herself as being from the Guardian Legal Network.

49.     The female representative asked Plaintiff qualifying health questions and then transferred Plaintiff to another female representative who also verified Plaintiff's information. The female representative eventually told Plaintiff "All right from my side that will be all. Thank you very much for verifying that information for me. I'm going to connect you back with the agent you were speaking with so you guys can finish. There's only one more step, ok, so we can you're your information to the firm."

50.     The "firm" in paragraph 49 is Defendant Dicello and Defendant Linville.

51.     The female telemarketers then sent Plaintiff's information to the "law firms" as specified in paragraph 49. Defendants Dicello and Linville are the law firms the representatives sent Plaintiff's information to as a direct and approximate cause of the phone call Plaintiff made to phone number 855-598-0250. Plaintiff was sent a legal retainer/contract listing Defendant Dicello and Defendant Linville as the law firms who would be representing Plaintiff. Exhibit B.

52.     None of the text messages Plaintiff received identified the sender of the text message or on whose behalf the text messages were being sent.

53.     Plaintiff pretended to be interested in the legal services of the Defendants in order to determine who was behind the text messages.

9

54.     On September 8, 2022, Plaintiff received a docusign contract via email from

processing@intakedirect.com.   Exhibit C.

55.     Table below displays the automated text messages made to Plaintiff by Defendants:

TABLE A:

| **Number** | **Date** | **Time** | **Caller ID** | **Notes** |
|---|---|---|---|---|
| **1.** | 8/17/2022 | 11:12 AM | 934-201-6149 | Link directs to Legal Action Finder; legalactionfinder.com |
| **2.** | 8/18/22 | 10:49 AM | 716-506-6032 | Automated text message.  Says to call 855-615-2309 |
| **3.** | 8/18/2022 | 10:49 AM | 774-379-0096 | Says to call 855-615-2309 |
| **4.** | 8/20/2022 | 11:47 AM | 303-854-6531 | Link directs to Legal Action Finder; legalactionfinder.com |
| **5.** | 8/24/2022 | 9:23 AM | 443-781-5093 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |
| **6.** | 9/1/2022 | 1:34 PM | 724-894-4040 | Says to call 844-897-8456 |
| **7.** | 9/1/2022 | 1:34 PM | 318-536-2960 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |
| **8.** | 9/1/2022 | 1:34 PM | 773-829-4801 | Link directs to Legal Action Finder; legalactionfinder.com |
| **9.** | 9/1/2022 | 1:34 PM | 331-244-5194 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |

| | | | | |
|---|---|---|---|---|
| **10.** | 9/7/2022 | 7:33 PM | 865-895-4023 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |
| **11.** | 9/8/2022 | 8:58 PM | 978-843-4330 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |
| **12.** | 9/9/2022 | 2:12 PM | 214-227-9171 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |
| **13.** | 9/10/2022 | 7:39 PM | 276-218-3572 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |
| **14.** | 9/11/2022 | 6:38 PM | 580-408-2240 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |
| **15.** | 9/12/2022 | 1:59 PM | 223-243-3818 | Says to call 855-598-0250.  Guardian Legal Network answered the phone |
| **16.** | 9/12/2022 | 6:01 PM | 843-278-2384 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |
| **17.** | 9/13/2022 | 8:27 AM | 856-328-2784 | Automated text message |
| **18.** | 9/13/2022 | 10:27 AM | 272-879-1065 | Says to call 833-498-1230.  Guardian Legal Network answered the phone |
| **19.** | 9/14/2022 | 10:58 AM | 21093 | Automated text from Intake Direct |
| **20.** | 9/14/2022 | 10:58 AM | 21093 | Automated text from Intake Direct |
| **21.** | 9/14/2022 | 11:00 AM | 21093 | Automated text from Intake Direct |

| 22. | 9/14/2022 | 11:34 AM | 21093 | Automated text from Intake Direct |
|-----|-----------|----------|-------|-----------------------------------|
| 23. | 9/15/2022 | 1:11 PM | 413-758-6520 | Says to call 888-909-4109.  Guardian Legal Network answered the phone |
| 24. | 9/15/2022 | 8:33 PM | 607-891-3694 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |
| 25. | 9/16/2022 | 11:00 AM | 213-766-9095 | Links to consumertortcenter.com |
| 26. | 9/16/2022 | 6:13 PM | 704-248-7642 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |
| 27. | 9/16/2022 | 6:47 PM | 320-844-4217 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |
| 28. | 9/17/2022 | 4:31 PM | 309-668-8290 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |
| 29. | 9/18/2022 | 6:33 PM | 662-667-2275 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |
| 30. | 9/19/2022 | 4:55 PM | 774-470-0729 | Says to call 877-632-1519.  Guardian answered phone. |
| 31. | 9/20/2022 | 2:31 PM | 361-603-1466 | Links to lejeunelawsuits.com with phone number 800-993-4727.  Guardian answered phone. |

56.    The text messages Plaintiff received from Defendants were placed while knowingly ignoring the national do-not-call registry. The text messages were placed without training their agents/employees on the use of an internal do-not-call policy.

57.     Plaintiff sent a request for Defendant Intakes's internal do not call policy on September 21, 2022, to processing@intakedirect.com.

58.     Defendant Intake failed and/or refused to send Plaintiff a copy of any internal do not call policy.

59.     On information and belief, Defendant Intake did not have a written do-not-call policy while they were sending Plaintiff the text messages.

60.     Plaintiff sent a request for Defendant Guardian's internal do not call policy on September 21, 2022, to info@getguardianlegal.com.

61.     Defendant Guardian failed and/or refused to send Plaintiff a copy of any internal do not call policy.

62.     On information and belief, Defendant Guardian did not have a written do-not-call policy while they were sending Plaintiff the text messages.

63.     No emergency necessitated none of the alleged illegal automated text messages.

64.     Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing text messages consumed part of this capacity.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

65.     Defendants automated text messages harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

66.     Defendants automated text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

67.     Defendants automated text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

68.     Plaintiff has been harmed, injured, and damaged by the text messages including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

### Plaintiff's cell phone is a residential number

69.     The text messages were to Plaintiff's cellular phone ending in 1527 which is Plaintiff's personal cell phone that she uses for personal, family, and household use. Plaintiff also uses her cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has her cell phone registered in her personal name, pays the cell phone from her personal accounts, and the phone is not primarily used for any business purpose.

### Violations of the Texas Business and Commerce Code 305.053

70.     The actions of the Defendants violated the Texas Business and Commerce Code 305.053 by placing automated text messages to a cell phone which violates 47 USC 227(b). The automated text messages by Defendants violated Texas law by placing automated text messages to a cell phone which violates 47 USC 227(c)(5) and 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e).

71.     The text messages by Defendants violated Texas law by spoofing the caller IDs per 47 USC 227(e) which in turn violates the Texas statute.

### VICARIOUS LIABILITY OF DEFENDANTS DICELLO AND LINVILLE

72.     Defendants Dicello and Linville authorized Defendant Dicello and Defendant Guardian to make solicitation phone calls on their behalf.

73.     Defendants Dicello and Linville are law firms that know they are not allowed to send direct solicitation phone calls and text messages on their own and have outsourced the unethical

14

process in order to avoid liability.

74.     Failure to hold Defendants Dicello and Linville vicarious liable for the unauthorized

advertising campaign would be tantamount to encouraging circumventing ethics rules by hiring

third-party organizations to commit civil crimes on their behalf.

75.     Defendant Dicello and Defendant Linville directed the texts be made by Defendant

Guardian and Defendant Intake for the benefit of Defendant.

76.     Defendants should be held jointly and severally liable for the text messages at issue in

this case.

## COUNT ONE:
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing
### Without Prior Express Written Consent
### (Against All Defendants)

77.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

78.     Defendants and/or their agents placed automated text messages to Plaintiff's cellular

telephone.

79.     Plaintiff never consented to receive automated text messages from Defendants.  Plaintiff

has had no relationship with Defendants.

80.     Defendants' automated text messages were made for purposes of advertising and

marketing their goods and services.  These automated text messages constituted commercial

advertising and telemarketing as contemplated by the TCPA.

81.     The automated text messages were made using an ATDS to the cellular phone of Plaintiff

in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

82.     As a result of their unlawful conduct, Defendants repeatedly invaded the personal privacy

of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling

Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendants to stop their unlawful text message campaigns.

83.     Not only did Defendants make these violating automated text messages, but Defendants and/or their agents also did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

84.     If the Court finds that Defendants willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## COUNT TWO:

**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))**

**(Against All Defendants)**

85.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

86.     The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

87.     Defendants sent automated text messages to Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the automated text messages, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

88.     Plaintiff was statutorily damaged at least five (5) times under 47 U.S.C. § 227(c)(3)(F) by Defendants by the automated text messages described above, in the amount of $500 per automated text message.

89.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

90.     Plaintiff is entitled to an award of up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

### COUNT THREE:

### Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)
### (Against All Defendants)

91.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

92.     The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking the following:

   a. A written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1)[2];

   b. Training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2)[3]; and,

   c. In the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

93.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[4] *See id.* at 425 (codifying a June 26, 2003 FCC order

94.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

## COUNT FOUR
### Violations of The Texas Business and Commerce Code 305.053
### (Against All Defendants)

95.     Plaintiff incorporates the foregoing allegations as if set forth herein.

96.     The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing automated text messages to Plaintiff's cellular telephone number without her prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

97.     Plaintiff is entitled to an award of at least $500 in damages for each such violation.

**Texas Business and Commerce Code 305.053(b)**

98.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053**(c)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Crystal Maldonado prays for judgment against the Defendants jointly and severally as follows:

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.      A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

18

C.      An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.      An award of $1500 per automated text message in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the corporations and individuals for 31 automated text messages.

E.      An award of $1500 per automated text message in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporations and individuals for 31 automated text messages.

F.      An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

G.      An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101.

H.      An award to Ms. Maldonado of damages, as allowed by law under the TCPA;

I.      An award to Ms. Maldonado of interest, costs, and attorneys' fees, as allowed by law and equity

J.      Such further relief as the Court deems necessary, just, and proper.


September 26, 2022                          Respectfully submitted,

Crystal Marie Maldonado

Crystal Maldonado
Plaintiff, Pro Se
8749 Coloma Circle
El Paso, TX 79907
915-305-6342
Crystalmaldonado502@gmail.com

JUDGE FRANK MONTALVC

< 18563282784

Add to contacts          Block number

Tuesday, September 13, 2022



**COU
RT-NOTIFICATION:
Your $78,131 Camp
Lejeune Compens
ation Payment is
approved.
Claim by 9/14:
attickind.online/v0
x845V0U8GnW8D**

PLAINTIFF'S
EXHIBIT

**A**

MMS
8:27 AM

EP22CV0343




< +19788434330

Add to contacts          Block number

Thursday, September 8, 2022

V2_They saw
the RECC0RDS
and 9153056342
Came.Up. Check
what U may be
P A I D from
CA_MP__LEJ_EUN
E...Look2V.wows00
nickling.com/c stop
to end

8:58 PM

 

‹ +12728791065 📞 📷 ⋮

Add to contacts     Block number

Tuesday, September 13, 2022

It's Anna
(1-833-498-1230)
- We need you to
call in to see your
ToxicWater comp
options. You or
your family looks
like they may have
been effected?
STOPtoSTOP

10:27 AM



< 21093  ⋮

Add to contacts          Block number

Thursday, September 8, 2022

Welcome to
DocuSign:
Msg&data rates
may apply. Message
frequency varies.
Reply HELP for help,
STOP to opt-out
anytime.

Intake Direct
from Intake Direct
wants to send
you a DocuSign
envelope: https:
//s.docusign.net
/1XWhzshOkHu
owc0aCSFkWgf
Select the link to
use DocuSign on
this number

< 21093

📞 📠 ⋮

10:58 AM

**All parties have completed "CLJ DGL CFA June 2022 Org Firm..., ..."! Download document from: https://s.docusign .net/1i0hsVnZcTk Mpo81OGTLQti**

11:00 AM

Wednesday, September 14, 2022

**All parties have completed "CLJ DGL CFA June 2022 Org Firm..., ..."! Download document from: https://s.docusign not/1o0al 0EK6k2**

⌄

🖼 📷 ＋ ｜ 😎 �III

III ◯ ‹

< 21093  📞 📧 ⋮

completed
"CLJ DGL CFA
June 2022
Org Firm..., ..."!
Download
document from:
https://s.docusign
.net/1i0hsVnZcTk
Mpo81OGTLQti

11:00 AM

Wednesday, September 14, 2022

All parties have
completed
"CLJ DGL CFA
June 2022
Org Firm..., ..."!
Download
document from:
https://s.docusign
.net/1oOgL9EK6k3
fX1SpDa36mw5

11:34 AM



< +18432782384

Add to contacts          Block number

Monday, September 12, 2022

Crystal It looks as ifCAM.P LE.JEU.NE may be OrderredTo PA Y Up. Put 9153056342 on the_List..iAsk7N.lip s33khedival.com/h STOP to end

6:01 PM



‹ +12232433818 

Add to contacts          Block number

Monday, September 12, 2022

 We were just checking if you've explored all of your comp options with the Toxic Water suit. Can you give me a ring? 1-855-598-0250 STOP to STOP

1:59 PM

 

< +15804082240  📞 📼 ⋮

Add to contacts          Block number

Sunday, September 11, 2022

S55...We see the
R E C O R D S
and 9153056342
CameUp. Check
what You might
be O W E D from C
A M P L E J E U N
E...Get5S.curls75hy
pnotics.com/d stop
to end

6:38 PM

  +       ⫶⫶⫶

||| ◯ ‹

< +12142279171 📞 📷 ⋮

Add to contacts      Block number

Friday, September 9, 2022

U6_I see the
RECC0RDS and
9153056342
Came.Up. Check
what U might
be P A I D from
CA_MP__LEJ_EUN
E...Get6U.maas53
truckman.com/c
STOP to end

2:12 PM

   

‹ +12762183572   ⋮

Add to contacts        Block number

Saturday, September 10, 2022



O99__We see
our R E C O R D S
and 9153056342
CameUp. See
what You might
be 0wwed from C
A M P L E J E U N
E...Look9O.chalks1c
reams.com/i STOP
to end

7:39 PM

  +        

|||        ◯        ‹

< +19788434330

Add to contacts          Block number

Thursday, September 8, 2022

V2_They saw
the RECC0RDS
and 9153056342
Came.Up. Check
what U may be
P A I D from
CA_MP__LEJ_EUN
E...Look2V.wows00
nickling.com/c stop
to end                    8:58 PM





‹ +18658954023 📞 ☎ ⋮

Add to contacts        Block number

Wednesday, September 7, 2022

 J2_They see our
REC0ORDS and
9153056342
Came_Up. Check
what You might
be P A I D from
C_A_M_P_L_E_J_E_
U_N_E...Make2J.so
ys81quitches.com/
h STOP to end          7:33 PM

  +         

||| ◯ ‹

< +17248944040     📞   📼   ⋮

Add to contacts      Block number

Thursday, September 1, 2022

**Please call
in to discuss
your potential
ToxicWaterPayout
<u>1-844-897-8456</u> -
"'STOP'" to STOP**

1:34 PM

   

< **+14437815093**

Add to contacts       Block number

Wednesday, August 24, 2022

 Crystal your name came up as a potential victim from Camp..Lejeune. Look what You may be PAID...hics09valk yrie.com/f STOP to end

9:23 PM

< +13038546531  📞 📭 ⋮

Add to contacts          Block number

Saturday, August 20, 2022

 Crystal We saw the reccords and 9153056342 came up. View how much You may be 0wwed from CmpLejeune Law Suit...jays79postcava.com/w STOP to end

11:47 AM

  +   

|||          ◯          ⟨

< **+17743790096**      ⋮

**Add to contacts**          **Block number**

Thursday, August 18, 2022

**ToxicWaterCom
pensationFund
(1-855-615-2309)
- We are now
accepting any
injuries from the
Lejeune CA. STOP
2 STOP**                    10:49 AM



12:26

‹ +17165066032 

Add to contacts          Block number

Thursday, August 18, 2022

 **ToxicWaterCom pensationFund (1-855-615-2309) - We are now accepting any injuries from the Lejeune CA. STOP 2 STOP**

10:49 AM

    

< +16078913694 

Add to contacts    Block number

Thursday, September 15, 2022

iO3-If <u>9153056342</u>
is affected They
have No Choice
But to Pay You. See
what You may be
Owed by CAM.P <u>LE</u>
<u>.JEU.NE...nMake3O.</u>
<u>puffys7rabids.com/</u>
<u>x</u> STOP to end    8:33 PM





< **+14137586520**

Add to contacts          Block number

Thursday, September 15, 2022

 It's Jeff
(1-888-909-4109)
- We need you to
call in to see your
ToxicWater comp
options. You or
your family looks
like they may have
been effected?
STOPtoSTOP                    1:11 PM

      

  

< 21093   ⋮

Add to contacts          Block number

Thursday, September 8, 2022

Welcome to
DocuSign:
Msg&data rates
may apply. Message
frequency varies.
Reply HELP for help,
STOP to opt-out
anytime.

Intake Direct
from Intake Direct
wants to send
you a DocuSign
envelope: https:
//s.docusign.net
/1XWhzshOkHu
owc0aCSFkWgf
Select the link to
use DocuSign on
this number.

< 21093

completed
"CLJ DGL CFA
June 2022
Org Firm..., ..."!
Download
document from:
https://s.docusign
.net/1i0hsVnZcTk
Mpo81OGTLQti

11:00 AM

Wednesday, September 14, 2022

All parties have
completed
"CLJ DGL CFA
June 2022
Org Firm..., ..."!
Download
document from:
https://s.docusign
.net/1oOgL9EK6k3
fX1SpDa36mw5

11:34 AM







⟨ **+18595873895**   📞 📲 ⋮

**Add to contacts**          **Block number**

Wednesday, September 21, 2022

Hey; Can you give me a quick call
and we'll go over the contaminated
water payout?  - 1-844-488-3238 -
STOP2STOP

2:51 PM

   

< **+18595873895**

**Add to contacts**　　　**Block number**

Wednesday, September 21, 2022

Hey; Can you give me a quick call
and we'll go over the contaminated
water payout? - 1-844-488-3238 -
STOP2STOP

2:51 PM

  

< **+17744700729** 📞 📲 ⋮

Add to contacts                    Block number

Monday, September 19, 2022

 **Hey it's Mark - Can you give me a quick call and we'll go over the contaminated water payout? 1-877-632-1519 - STOP2STOP**

4:55 PM



< +13616031466

Add to contacts          Block number

Tuesday, September 20, 2022



jS44_I see theREC ORD and
9153056342 Came_Up. See what
You might be0W ED from CAM.P
LE.JEU.NE....jAsk4S.younga23glo
vea.com/9153056342/d STOP to
end

2:31 PM





‹  **+16626672275**

**Add to contacts**        **Block number**

Sunday, September 18, 2022

fE55_I saw our RECORD and
9153056342 Came_Up. View what
You may be 0WED from CAM.P
LE.JEU.NE...fTake5E.beginnera59
heata.com/9153056342/g STOP to
end

6:33 PM



< +13208444217  :

**Add to contacts**     **Block number**

Friday, September 16, 2022

mY3-lf <u>9153056342</u> was affected
They have No Choice But to Pay
Up. See what You may be Owed
by CAM.P <u>LE.JEU.NE</u>...<u>eGet3Y.w</u>
<u>aggisha54joina.com/x</u> stop to
end

6:47 PM



< **+14137586520**

Add to contacts          Block number

Thursday, September 15, 2022

 **It's Jeff (1-888-909-4109) - We need you to call in to see your ToxicWater comp options. You or your family looks like they may have been effected? STOPtoSTOP**

1:11 PM



‹  +19796124184        ⋮

**Add to contacts**       **Block number**

Wednesday, September 14, 2022

**L6_Our Govt. is handing away
Grants that dont need  be P
A I D Back...iSee6L.papers7
2encourages.com/g STOP to
end**

4:00 PM



< 21093 

Add to contacts          Block number

Thursday, September 8, 2022

Welcome to DocuSign: Msg&data rates may apply. Message frequency varies. Reply HELP for help, STOP to opt-out anytime.

Intake Direct from Intake Direct wants to send you a DocuSign envelope: https://s.docusign.net/1XWhzshOkHuowc0aCSFkWgf Select the link to use DocuSign on this number.

10:58 AM

All parties have completed "CLJ DGL CFA June 2022 Org Firm..., ..."! Download document from: https://s.docusign.net/1i0hsVnZcTkMpo81OGTLQti

11:00 AM

Wednesday, September 14, 2022

All parties have completed "CLJ DGL CFA June 2022 Org Firm..., ..."! Download document from: https://s.docusign.net/1oOgL9EK6k3fX1SpDa36mw5

11:54 AM



⟨ **+12728791065**  

**Add to contacts**     **Block number**

Tuesday, September 13, 2022

It's Anna (1-833-498-1230) - We
need you to call in to see your
ToxicWater comp options. You or
your family looks like they may
have been effected? STOPtoSTOP

10:27 AM

   

< **18563282784**  ⋮

**Add to contacts**          **Block number**

Tuesday, September 13, 2022

**COURT-NOTIFICATION: Your $7 8,131 Camp Lejeune Compens ation Payment is approved. Claim by 9/14: attickind.online/ v0x845V0U8GnW8D**

MMS
8:27 AM

  

< +12232433818    📞   📭   ⋮

**Add to contacts**    **Block number**

Monday, September 12, 2022



**We were just checking if you've explored all of your comp options with the Toxic Water suit. Can you give me a ring? 1-855-598-0250 STOP to STOP**

1:59 PM





‹ +15804082240

Add to contacts    Block number

Sunday, September 11, 2022

S55...We see the R E C O R D
S and 9153056342 CameUp.
Check what You might be O W
E D from C A M P L E J E U N
E...Get5S.curls75hypnotics.com/d
stop to end

6:38 PM





< **+12142279171**

**Add to contacts**     **Block number**

Friday, September 9, 2022

U6_I see the RECC0RDS and
9153056342 Came.Up. Check
what U might be P A I D from
CA_MP__LEJ_EUNE...Get6U.ma
as53truckman.com/c STOP to
end

2:12 PM

    

DocuSign Envelope ID: CB033086-2723-4FFA-8A2C-9D07561E4763

## ATTORNEY CONTINGENCY FEE AGREEMENT

This retainer agreement is made between Barbara Rios ("Client") and DiCello Levitt Gutzler LLC and Linville Law Group , (jointly, "the Attorneys"). Client retains and employs the Attorneys to recover compensation for Client's injuries suffered from water contamination at Camp Lejeune. If Client brings a claim relating to or arising from a deceased person's damages or injuries, Client agrees to proceed both individually and as representative of the estate of the deceased person to the extent, Client is legally able to do so. This agreement is intended to bind Client's heirs, death beneficiaries, and Client's estate representative in the event of a death.

- **FREE CASE EVALUATION:** The Attorneys will evaluate Client's claim at no upfront expense or fee.
- **NO FEES OR EXPENSES UNLESS WE RECOVER FOR YOU:** If there is no recovery, Client will not owe the Attorneys anything.
- **SETTLEMENT OF CLAIMS:** Client shall have the right to accept or reject any offers for settlement of the cause of action.
- **THE ATTORNEYS WILL NOT SUE CLIENT'S DOCTOR(S)**

**CONTINGENT FEES:** Client agrees to pay forty percent (40%) of the GROSS settlement or recovery in case of settlement or verdict as a reasonable Attorneys' fee for the Attorneys' services. Client understands that the expenses which have been advanced (as defined below) will be deducted from the portion of proceeds payable to the client after deduction of the Attorneys' fees unless the jurisdiction that the client is in dictates otherwise. These fees apply regardless of whether the case goes to trial or settles before a lawsuit is filed. The Attorneys' fees shall be shared as follows: DiCello Levitt Gutzler LLC shall receive 95.00% while Linville Law Group , 5.00% **The division of fees between the firms does not affect the Client's share of the recovery.** The Attorneys may employ other attorneys to help with Client's claims at their discretion, but the association of other contingency fee attorneys will not increase the contingency fee owed by Client. The Attorneys shall have discretion to accept or reject any appeal. **If any judgment is rendered pursuant to 28 U.S.C. § 1346(b), or if any settlement is made pursuant to 28 U.S.C. §§ 2677 or 2672, attorneys fees will be capped to the extent required by 28 U.S.C. § 2678.**

**EXPENSES:** The Attorneys shall advance the court costs and other expenses for this claim, including case specific expenses and a pro rata share of general case expenses. Client agrees and consents to reimburse Attorneys for case specific and general case expenses out of Client's share of the gross amount recovered. Case specific expenses are those incurred for the sole benefit of the Client's individual claim. General case expenses are those incurred in the prosecution of Client's cause of action and other similarly situated clients. Client agrees to pay a pro rata share of such general case expenses in exchange for the benefit of sharing these expenses with other similarly situated clients rather than incurring these expenses individually. These expenses will be disclosed to Client at the time of settlement. Should the Attorneys elect to fund such expenses by borrowing the funds required, Client agrees to reimburse the full sum of all related interest charges for case specific expense costs as well as a pro rata share of related interest charges for general case expenses out of Client's percentage of the gross amount recovered, unless the jurisdiction that the client is in dictates otherwise. Client grants the Attorneys a lien on any proceeds or judgments recovered for Client's claim as security for the payment of the attorneys' fees and expenses to be incurred. **If there are no proceeds recovered on Client's claim, then the Client will not owe the Attorneys for the expenses incurred during the prosecution of this claim.**

**STATUTE OF LIMITATIONS:** There are legal time limits to prosecute Client's claim, generally Statutes of Limitation or Repose, and if the Claim is not timely prosecuted then the legal right to pursue the claim may be lost forever. The Attorneys require reasonable time to thoroughly investigate Client's legal claims in order to uphold their ethical responsibility, and the Attorneys will not take action on Client's behalf without adequate time for investigation. Client assumes the risks and understands, agrees, and consents that the Attorneys shall not be required to pursue the Client's claims, to file a lawsuit, or to take any action to comply with any Statute of Limitations or Repose, if such limitations period expires within 120 days of the date this signed Agreement is received by the Attorneys. **Prompt return of this Agreement is very important.**

**CLIENT'S COOPERATION AND TERMINATION:** Client shall keep the Attorneys advised of their current address and telephone number at all times during representation. Failure to advise the Attorneys of this current contact information may result in the dismissal of Client's claim and/or the loss of Client's legal rights forever. Client consents to receive future communications electronically at the Attorneys' discretion, including text messages, client may opt out anytime by providing written notice to the Attorneys. Further, Client agrees that the Attorneys may withdraw from representing Client if the Attorneys deem withdrawal warranted for any reason. If the Attorneys withdraw from representation, they may do so by notifying the Client through electronic communication, or by sending mail to the Client's last known address. **In the event the Attorneys withdraw, the Client will not owe any Attorneys' fees or expenses.** Client agrees to provide complete and truthful information. Client has not and will not retain other counsel regarding this matter. Client agrees not to file any lawsuits, or to negotiate settlement of Client's claims without the Attorneys' knowledge and consent. Client agrees to not share information obtained from the Attorneys. If Client talks to anyone other than Attorneys or their staff, except for Client's spouse, about discussions between Client and Attorney or members of their staff, Client risks the attorney-client privilege and perhaps other privileges. Client agrees to preserve all evidence of Client's claim. Client agrees to notify the Attorneys of any previous bankruptcy filings and prior to any future bankruptcy filing. **Client may terminate this agreement at any time by providing written notice to the attorney.** If an offer has been negotiated, Attorneys will have a lien upon any subsequent recovery equal to 40% of the offer, or an amount to compensate for time and expenses, whichever is greater.

**POWER OF ATTORNEY:** Client hereby grants Attorneys a limited power of attorney to execute documents necessary to conclude this representation. The Attorneys are authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this agreement. As part of this power of attorney, Client authorizes the Attorneys to require that any settlement checks be made payable jointly to Client and the Attorneys may reimburse themselves for expenses and fees prior to disbursing money to Client. However, the Attorneys will not unreasonably withhold disbursement from Client.

**SETTLEMENT OF HEALTHCARE LIENS:** Client understands and acknowledges that prior to the disbursement of any settlement proceeds, the Attorneys may be required to investigate and satisfy any third-party interest healthcare liens such as Medicare, Medicaid, and other medical provider liens.

**COMPLETE AGREEMENT:** Client hereby acknowledges that the Attorneys have made no guarantees regarding the successful outcome of this matter and all expressions about the outcome are only opinions. This is the entire agreement. Client represents that no one has promised Client anything to induce Client to retain the Attorneys. Client understands and acknowledges that the decision to hire the Attorneys was made willfully and independently without outside influence and no person has solicited Client on behalf of the attorneys. It may be changed only by a writing signed by the Attorneys. If any part is or becomes unenforceable, the rest remains valid and enforceable. The Attorneys' choice to not enforce a provision is not a waiver of the right. All issues regarding this Agreement are governed by the state of Illinois. If Client and the Attorneys cannot resolve a dispute related to this matter, they will mediate it before a mutually agreeable mediator. If mediation does not work, client and attorney agree to remedy through a binding individual arbitration subject to the rules of the American Arbitration Association.

| | | |
|---|---|---|
| *Barbara Rios* | Barbara Rios | 9/8/2022 \| 1:00 PM EDT |
| Client Signature | Printed Name | Date |
| | | |
| Barbara Rios | | |
| Print Name of Injured Party | Attorney Signature | |

**PLAINTIFF'S EXHIBIT**

**B**

DocuSign Envelope ID: CB033086-2723-4FFA-8A2C-9D07561E4763

# **Attorney Authorization**

**To:**   **Office of the Judge Advocate General**
**Tort Claims Unit Norfolk**
**9620 Maryland Avenue, Suite 205**
**Norfolk, Virginia 23511-2949**

The undersigned hereby grants the law firm below full authority to file an administrative claim arising from his/her exposure at Camp Lejeune. This includes but is not limited to filing an Administrative Form 95.

If the claimant is deceased or is under conservatorship/power of attorney, the undersigned hereby grants the law firm below full authority to take all necessary actions for the purposes of prosecuting any and all claims against the Government under The Camp Lejeune Justice Act.

It is understood that if the undersigned changes residences, addresses and/or contact information, that he/she will notify the law firm below or else all such attorneys or firms shall be absolved from further prosecution of his/her case.

**I,** Barbara Rios                                                   **, hereby designate and authorize**

Mark DiCello                                                   **, associated with the law office of**

DiCello Levitt Gutzler LLC                          **to represent me and continue any**
        *(Name of Law Firm)*

**and all claims which have been filed or will be filed arising from:**

Exposure to contaminated water at Camp Lejeune, North Carolina
                        *(Description of Incident)*

**Which occurrent on** between 8/1/1953 and 12/31/1987.
                        *(Date of Incident)*

**Executed on** 9/8/2022 | 1:00 PM EDT

                                        *Barbara Rios*
                                        **Signature of Claimant**

1 A Form 95 is used to present claims against the United States for property damage, personal injury, or death.

2 If you meet the requirements to file a claim under The Camp Lejeune Justice Act, then you may also be qualified to file a claim in the United States District Court.

## HIPAA AUTHORIZATION FOR THE USE AND DISCLOSURE OF HEALTH INFORMATION

TO:_____

Patient's Full Legal Name: Barbara Rios

Date of Birth:_____S.S.# XXX-XX-_____

Address:_____

**NOTE:** "You" refers to the person(s) to whom this Authorization is directed. "I," "Me," or "My" refers to the patient identified above. Pursuant to HIPAA Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. §§164.512 & 164.508 ("HIPAA"), You are hereby authorized and directed to disclose the following oral, written, or electronic protected health care information related to Me to the law firm of _____ for purposes of investigation and litigation:

_____All health information (meaning EVERY document or item in my record) maintained by You
_____All health information relating to the following treatment or condition:_____
_____All Health information for the date(s): _____
_____All Billing information for the date(s): _____
_____All photographs and videos depicting My Injuries

I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV), behavioral or mental health services, and/or treatment for alcohol and/or drug abuse. I authorize the release of such information, with the following exceptions:
_____

Federal and state laws protect the information disclosed pursuant to this Authorization. I understand that if the authorized recipient of the information is not a health care provider or health plan covered by federal privacy regulations, the information may be re- disclosed and no longer protected. However, the recipient may be prohibited from disclosing any substance abuse information under federal confidentiality requirements for alcohol and drug abuse patient records and the Public Health Service Act. Such information may not be used to criminally investigate or prosecute any alcohol or drug patient. Further, pursuant to O.C.G.A § 24- 9-47, state law prohibits a recipient from making any further disclosure of test results relating to HIV or AIDS without the specific written consent of the person to whom such information pertains. A general authorization for the release of medical or other information is NOT sufficient for such purpose.

**Please be advised that HIPAA §164.512(e) prohibits ex parte communications between counsel for defendant and the patient's (plaintiff's) health care provider, unless expressly agreed to by the patient in a separate release. I do not authorize my health care provider to communicate with counsel for defendant through this release.**

I understand that I have the right to revoke this Authorization at any time, and in order to do so, I must present a written revocation to you.   I understand that the revocation will not apply to information that already has been released in response to or in reliance upon this Authorization. I understand that I need not sign this Authorization in order to ensure health care treatment, payment, enrollment in my health plan, or eligibility for benefits. I understand that if this authorization is sought by a covered entity I will be given a copy of this Authorization form, after signing it. Unless revoked, this authorization will automatically expire one (1) year from the date of signature.

I further understand that the information disclosed pursuant to this Authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to HIPAA. I agree that a photocopy of this authorization will bear the same authority as the original.


Signature of Patient/Authorized Representative (if authorized representative, include relationship or nature of authority)



*Barbara Rios*
_____
Signature of Patient or Legal Representative

_____
Date



_____
If Signed by Legal Representative, Relationship to Patient

**Request Letter under HITECH Act of 2009 for Electronic Copy of my Medical Records**

To: Medical Care Provider:_____

From: Patient Name: Barbara Rios_____

Patient DOB:_____Patient SSN: XXX-XX-_____

Pursuant to 45 CFR § 164.524, I am requesting that you send an electronic copy, in PDF form at, of all of my protected Health information ("PHI") from _____to_____to my Third-party designee(s)._____! do not want a PHI summary but the full set of records.

Please scan paper records and/or convert electronic records to PDF format and email them to_____
If you are unable to email my PHI, you may save in PDF format to a thumb drive and mail the same to:

_____          Phone_____

_____          Fax_____

_____          _____

_____should receive any and all correspondence, including invoices for the reasonable cost-based fee for the labor cost of copying my protected health information, paper or electronic media supply costs, and postage costs. The applicable regulations provide the following rules for compliance with this request:

1. There is a 30-day deadline to supply the requested PHI.
2. There is no requirement under the HITECH Act for a HIPAA authorization. This letter is sufficient.
3. There is no expiration event or date relating to this patient or the purpose of the use or disclosure of this information.
4. Prohibited charges include access charges, inventory charges, labor for reviewing the request, searching for or retrieving the PHI.
5. Medical records contractors are covered by HIPAA regulations.
6. Noncompliance includes charging more for sending the records to my third-party designee, Consumer Attorney Record Services, or any subsequent or additional   third-party designee.
7. Noncompliance includes claiming the inability to provide the PHI via email or mail.
8. I have the right to revoke this authorization in writing.
9. You may not condition treatment, payment, enrollment, or eligibility for benefits on whether I sign this authorization when the prohibition on conditioning of authorizations in (b)(4) of 45 CFR § 164.508 applies.
10.  There is a potential for information disclosed pursuant to this authorization to be subject to re-disclosure by_____
and will no longer be protected by this 45 CFR §164.508.

This copy is as valid as the original. Thank you for your prompt response.

*Barbara Rios*

Signature of Patient or Legal Representative                          Date (Signature is valid for 365 days)

If Signed by Legal Representative, Relationship to Patient

For more information on the Federal HITECH Act and its regulations: https://www.hhs.gov/hipaa/for- professionals/privacy/guidance/access/

**DocuSign**

## Certificate Of Completion

Envelope Id: CB03308627234FFA8A2C9D07561E4763                          Status: Completed
Subject: Please sign document
Source Envelope:
Document Pages: 4                    Signatures: 4                     Envelope Originator:
Certificate Pages: 1                 Initials: 0                       Intake Direct
AutoNav: Enabled                                                       317 EISENHOWER DR
EnvelopeId Stamping: Enabled                                           SAVANNAH, GA  31406-2605
Time Zone: (UTC-05:00) Eastern Time (US & Canada)                      processing@intakedirect.com
                                                                       IP Address: 13.110.78.8

## Record Tracking

Status: Original                     Holder: Intake Direct             Location: DocuSign
          9/8/2022 12:58:14 PM               processing@intakedirect.com

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| Barbara Rios | *Barbara Rios* | Sent: 9/8/2022 12:58:20 PM |
| m.maldonado09@outlook.com | | Viewed: 9/8/2022 12:59:26 PM |
| 1-9153056342 | | Signed: 9/8/2022 1:00:05 PM |
| Security Level: Email, SMS, Account Authentication (None) | Signature Adoption: Pre-selected Style | |
| | Signed by link sent to 1-9153056342 | |
| | Using IP Address: 172.58.73.12 | |
| | Signed using mobile | |
| Electronic Record and Signature Disclosure: | | |
| Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | 9/8/2022 12:58:20 PM |
| Certified Delivered | Security Checked | 9/8/2022 12:59:26 PM |
| Signing Complete | Security Checked | 9/8/2022 1:00:05 PM |
| Completed | Security Checked | 9/8/2022 1:00:05 PM |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

9/22/22, 4:29 PM

 Gmail



**PLAINTIFF'S EXHIBIT**

**C**

## Completed: Please sign document

1 message

---

**From:** DocuSign NA3 System <dse_NA3@docusign.net> on behalf of Intake Direct via DocuSign <dse_NA3@docusign.net>
**Sent:** Thursday, September 8, 2022 11:00:11 AM
**To:** Barbara Rios <m.maldonado09@outlook.com>
**Subject:** Completed: Please sign document



Your document has been completed

VIEW COMPLETED DOCUMENTS

 **Intake Direct**
processing@intakedirect.com

All parties have completed Please sign document.

You have qualified for a free case evaluation with our attorneys. This means the information you provided meets the criteria set by our firms, and once we get your approval, our attorneys will take it from there to work on getting you the compensation you deserve, at no cost to you. To sign up for a free attorney evaluation, follow the steps below. There is also a video walkthrough attached to this message. 1) Click the yellow Review Document button above. 2) Follow along with the yellow buttons to e-sign in the spaces provided. If DOB or the last four digits of your SSN are required to obtain relevant medical records, enter them in the boxes provided. Do not enter any dashes or slashes for DOB, but use format MMDDYYYY. 3) Click the yellow Finish button to complete your form. After you have completed the forms and it is processed in our system, you will be assigned a case manager at the law firm who will then be reaching out to you shortly should they need any additional information.

Still have questions? Call us at (833) 705-1555. Fax: (912) 231-7982
intake@intakedirect.com
https://youtu.be/JXB-RzpEK2w

CONFIDENTIAL COMMUNICATION: The information contained in this message may contain legally privileged and confidential information intended only for the use of the individual or entity named hereinabove. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or duplication of this transmission is strictly prohibited. If you have received this communication in error, please notify us by telephone or e-mail immediately, return the original message to us and/or destroy all printed and electronic copies. Nothing in this transmission is intended to be an electronic signature nor to constitute an agreement of any kind under applicable law unless otherwise expressly indicated. Intentional interception or dissemination of electronic mail not belonging to you may violate federal or state laws. Dissemination of this e-mail and any attachments does not necessarily constitute a waiver of Attorney-Client Privilege.

Powered by **DocuSign**

**Do Not Share This Email**
This email contains a secure link to DocuSign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit DocuSign.com, click 'Access Documents', and enter the security code:
68A0A83BE8F5495B9A4B04F7B766EB5D3

**About DocuSign**
Sign documents electronically in just minutes. It's safe, secure, and legally binding. Whether you're in an office, at home, on-the-go -- or even across the globe -- DocuSign provides a professional trusted solution for Digital Transaction Management™.

**Questions about the Document?**
If you need to modify the document or have questions about the details in the document, please reach out to the sender by emailing them directly.

**Stop receiving this email**
Report this email or read more about Declining to sign and Managing notifications.

If you are having trouble signing the document, please visit the Help with Signing page on our Support Center.

⬇ Download the DocuSign App

This message was sent to you by Intake Direct who is using the DocuSign Electronic Signature Service. If you would rather not receive email from this sender you may contact the sender with your request.

 Sender notified by
Mailtrack

**5 attachments**

📄 **CLJ DGL CFA June 2022 Org Firm + Litigating Firm.docx.pdf**
400K

📄 **(REV) Authorization for Lawyer to file claim - SF95 (D).docx.pdf**
134K

📄 **HIPPA June22 .pdf**
186K

📄 **HITECH June 22.pdf**
175K

📄 **Summary.pdf**
119K